HENRY F. SAUNDERS & another *vs.* PORTER LAMBERT.

The giving of a negotiable note for $1,000 and interest, with collateral security, for a loan of $900, and the payment of interest thereon at the rate of six per cent. annually on the $1,000 for two years and a half, and of part of the principal, are not such a payment of unlawful interest as will enable the party to maintain an action to recover back threefold the amount of unlawful interest paid.

ACTION on the *St.* of 1846, *c.* 199, to recover three times the sum of $100 alleged to have been paid by the plaintiffs to the defendant as unlawful interest.

At the trial in the court of common pleas, the plaintiffs offered

evidence tending to show that on or about the 1st of July 1853 they applied to the defendant to let them have money on a note of D. A. Nichols of that date for $1,000, payable in instalments of one hundred a year for four years, and the remaining $600 in five years, with interest at the rate of six per cent. a year, payable semi-annually; that the defendant agreed to let them have $900 on the note, provided they would indorse the note, assign the mortgage and give him a guaranty from the father of the maker; all of which the plaintiffs did; and the defendant thereupon paid them $900. Upon the note, as produced by the defendant at the trial, were indorsed payments of the first two instalments of principal, and of interest to the 1st of January 1856.

*Morris*, J. ruled that there was no evidence of a payment o. usury, and that the action could not be maintained. The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*S. B. Ives, Jr. & J. B. Peabody*, for the plaintiffs. The contract was usurious. If there was any question of this, it should have been left to the jury. *Churchill* v. *Suter*, 4 Mass. 156. *Train* v. *Collins*, 2 Pick. 151. Payment of usurious interest in money is not necessary; if it be in money's worth, that is sufficient. *Maddock* v. *Hammett*, 7 T. R. 184. *Cavaness* v. *Troy*, 10 Ired. 315. Where payment is in the note of a third person, the action will lie before the lender receives the money upon the note. *Cavaness* v. *Troy*, 10 Ired. 315. *Schroeppel* v. *Corning*, 10 Barb. 576. And if interest more than is legal is received upon a party's own note, whether the principal be ever paid or not. *Fisher* v. *Beasley*, 1 Doug. 235. *Lloyd* v. *Williams*, 2 W. Bl. 792. *Scurry* v. *Freeman*, 2 Bos. & Pul. 381. *Wade* v. *Wilson*, 1 East, 195. *Commonwealth* v. *Frost*, 5 Mass. 53. *Whitcomb* v. *Williams*, 4 Pick. 228. Unless the transfer of the note and mortgage of Nichols is regarded as payment, the statute will be completely evaded.

If the payment by the maker of the note can be said to be a payment by the indorser so as to take the case out of the limitation of the statute, then the defendant has received usurious

41 *

interest on the loan of $900, as the case finds there had been three payments of interest on the note for $1,000.

*G. F. Choate,* (*W. D. Northend* with him,) for the defendant.

BIGELOW, J. This case clearly comes within the principle laid down in *Stevens* v. *Lincoln,* 7 Met. 525. The *locus pœnitentiæ* still remains open to the defendants. They may hereafter relinquish their claim to the unlawful interest, and surrender the note and mortgage which they received from the plaintiffs, without receiving anything more than the original sum of nine hundred dollars, which they actually advanced to the plaintiffs, with lawful interest thereon. In that event, no usury will have been received by them. The payments already made by the plaintiffs have been appropriated by the parties in payment of the lawful debt, and not in satisfaction of the claim for usurious interest. If there had been no appropriation of those payments, the law would apply them in payment of the lawful rather than of the illegal demand. *Wright* v. *Laing,* 3 B. & C. 165.

The evidence does not show a sale of the note and mortgage to the defendants, but only an agreement by which they were put into the hands of the defendants as collateral security for the loan to the plaintiffs. There was therefore no proof of any payment of usurious interest. *Exceptions overruled.*